STATE, APPELLANT, *v.* FLAGG, RESPONDENT.

(No. 5,850.)

(Submitted February 8, 1926.  Decided February 18, 1926.)

[242 Pac. 1023.]

*Automobiles—Transportation for Hire—Regulatory Statute Inapplicable to Single Act of Transportation—Licenses.*

Automobiles—Transportation for Hire—Statute Inapplicable to Single Act of Transportation in Rural Community.
1. *Held,* that Chapter 154, Laws of 1923, providing for the regulation of the transportation by motor vehicle of persons and property for compensation over the public highways of the state, does not apply to a single, isolated act of transportation for hire in a rural community, and that therefore such an act of transportation without the operator having first obtained a license from the state Railroad Commission so to do, does not constitute a public offense.

Same—"Operate"—Definition.
2. The word "operate" as employed in section 2 of Chapter 154 above, in providing that no person shall "operate" a motor vehicle for transportation purposes without a license first obtained, *held* to mean

---

1. State or municipal regulation of jitney busses, see notes in Ann. Cas. 1916A, 1233; Ann. Cas. 1917C, 1051; Ann. Cas. 1918C, 946.

"conduct as a business," in view of other provisions of the Act which make such a definition of the word necessary for the purpose of harmonizing the requirements of the Act as a whole.

[1] Municipal Corporations, 28 Cyc., p. 35, n. 7 New.
[2] Municipal Corporations, 28 Cyc., p. 35, n. 7 New.

*Appeal from District Court, Flathead County; C. W. Pomeroy, Judge.*

R. P. Flagg was accused of violating the statute regulating transportation for compensation over public highways by motor vehicles. From a judgment for the defendant on a demurrer to the information, the State appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. L. A. Foot,* Attorney General, *Mr. I. W. Choate,* Assistant Attorney General, and *Mr. E. G. Toomey,* Counsel for the Board of Railroad Commissioners, for Appellant.

*Mr. John F. Duffy* and *Messrs. Logan & Child,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an apeal by the state from a judgment for the defendant on a demurrer to an information, the charging part of which reads as follows:

"The said R. P. Flagg, on the 15th day of July, A. D. 1925, at the county of Flathead, in the state of Montana, with force and arms, did willfully and unlawfully and without first having obtained a certificate or license from the Railroad Commission of Montana, transport for compensation, by means of a motor vehicle, one Ernest H. Richards, on the public highways of Flathead county, Montana, between the corporate limits of the city of Kalispell and the post office of Creston within said county and state."

The prosecution was instituted under Chapter 154, Laws of 1923. The title of the Act follows: "An Act providing for the supervision and regulation of the transportation of persons and property for compensation over any public highway in the state of Montana by motor vehicles, motor trucks, motor busses, bus trailer, semi-trailers and other motor vehicles; defining what constitutes transportation for compensation, defining transportation companies, and providing for the supervision and regulation thereof by the Railroad Commission of Montana; providing for the enforcement of this Act and the punishment for violation thereof and declaring an emergency."

Section 1 defines certain terms employed in the Act, including the terms "motor vehicles" and "transportation company."

Section 2 declares that no corporation or person shall operate any motor vehicle for the transportation of persons or property for compensation on any public highway in this state except in accordance with this Act.

Section 3 confers upon the Railroad Commission authority "to supervise every transportation company."

Section 4 provides that no transportation company shall operate any motor vehicle for the purpose of transporting persons or property for compensation on any public highway of this state without first having obtained from the Railroad Commission a certificate or license to do so.

Section 5 confers upon the commission the authority to revoke a certificate or license once issued.

Section 6 requires of every transportation company a bond, as a condition precedent to operating under a certificate or license, and section 8 authorizes the commission to exact a license fee not exceeding $10 per vehicle.

As defined in section 1, the term "transportation company" includes a corporation, joint-stock company, firm, copartnership, an association, or individual, owning, controlling, operating or managing any motor vehicle used in the business of transporting persons or property for hire over a public high-

way of this state, but not operating exclusively within the limits of an incorporated city or town.

The present appeal presents but one question: Does this [1] statute apply to the owner of an automobile who is not engaged in the business of transporting persons or property for hire, but who, on a single, isolated occasion, does transport a person for hire over a public highway of the state, by means of his motor vehicle?

But for the language employed in section 2, it would be perfectly apparent from the title and body of the Act that the purpose in enacting the statute was to regulate the business of transportation companies only, that is, such corporations, associations and individuals as make a business of using motor vehicles on the public highway for direct, pecuniary gain. It is not charged that the defendant was engaged in such business, or that he ever transported a person by motor vehicle for hire, except upon the one occasion mentioned in the information, so that, if he can be held at all, it is in virtue of the provisions of section 2 of the statute, which, upon the first reading, appear sufficiently comprehensive to include such a single, isolated act as is described in the information, but that this was not the intention of lawmakers is reasonably certain.

Subdivision (e) of section 1 declares that the Railroad Commission *may* exempt from the operations of the statute the transportation of freight and passengers by motor vehicle in rural communities, when not done on a commercial basis.

In *State* v. *Johnson, ante,* p. 241, 243 Pac. 1073, this court held that the word "may" above is to be held to mean "must"; in other words, that transportation of persons or property by motor vehicle in rural communities, when not done on a commercial basis, is not subject to the provisions of the statute, and that the phrase "on a commercial basis" differentiates the carrier who is engaged in the business of carriage for hire from the person who in a rural community

occasionally carries persons or property either for or without compensation.

If the term "operate," used in section 2 of the statute, be [2] given a narrow meaning, then it is impossible to reconcile the provisions of section 2 with the exemption provision in subdivision (e) of section 1; but we think the legislature employed the term "operate" as the equivalent of the expression "conduct as a business." This construction harmonizes the language of section 2 with the other provisions of the statute.

The information does not do more than charge that on a single isolated occasion the defendant transported a person for hire, over the public highway in a rural community, by means of a motor vehicle, and under the decision in *State* v. *Johnson,* above, that act is not comprehended by the statute, and does not constitute a public offense.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.